**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 05-1955**

—————

MICHAEL MCLAUGHLIN,

Plaintiff - Appellant,

versus

KEVIN MURPHY, President of Freedmont Mortgage
Corporation; FREEDMONT MORTGAGE CORPORATION, a
Maryland Corporation,

Defendants - Appellees.

—————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge.  (CA-
04-767-CCB)

—————

Argued:  January 30, 2007                Decided:  June 29, 2007

—————

Before WILKINS, Chief Judge, and NIEMEYER and MICHAEL, Circuit
Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

**ARGUED:** Howard Benjamin Hoffman, Rockville, Maryland, for
Appellant. Jeffrey Louis Forman, KAUFFMAN & FORMAN, P.A., Towson,
Maryland, for Appellees.  **ON BRIEF:** Bruce E. Kauffman, KAUFFMAN &
FORMAN, P.A., Towson, Maryland, for Appellees.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael McLaughlin appeals a district court order granting summary judgment to his former employer, Freedmont Mortgage Corporation (Freedmont), and its president, Kevin Murphy, on McLaughlin's claims for violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C.A. §§ 201-19 (West 1998 & Supp. 2006). We affirm.

I.

McLaughlin was employed by Freedmont as a loan officer from August 2001 to November 2003. In accordance with his employment contract, he was paid on a pure commission basis and earned no regular salary. McLaughlin's principal job duty was to contact potential clients regarding Freedmont's "loan products." Although Freedmont preferred loan officers to meet with clients in person, and provided conference room space for this purpose, loan officers generally solicited clients by telephone and were allowed to mail documents to clients for completion. Because Freedmont provided him with client leads, McLaughlin was required to work one day each week in the office handling incoming telephone calls from potential clients responding to Freedmont's advertisements. McLaughlin otherwise chose to work from home, where he controlled his daily schedule and the number of hours he worked. He maintained that he typically worked an eight hour day. Because he was not required to report his time to Freedmont, McLaughlin did not keep records of

2

the hours he worked or the potential clients he contacted. Similarly, Freedmont did not supervise his work, maintain records of the hours he worked, or track individuals he contacted when the contact failed to result in a completed loan application.

McLaughlin was terminated in November 2003. He subsequently filed this action, alleging, as is relevant here, violations of the FLSA. McLaughlin claimed that Freedmont failed to pay him any wages for his work, including the statutory minimum wage of $5.15 per hour for eight separate bi-weekly pay periods from 2001 to 2003. See 29 U.S.C.A. § 206(a)(1).

Following discovery, the district court granted summary judgment to Freedmont. The court ruled that McLaughlin was not exempt from the FLSA as an "outside salesman." Id. § 213(a)(1). The court concluded, however, that McLaughlin had failed to prove that he worked the hours claimed or that he performed work for which he was not compensated. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-87 (1946).

II.

Having reviewed the parties' briefs and the applicable law, and having had the benefit of oral argument, we conclude that the district court correctly granted summary judgment. Accordingly, we affirm.

AFFIRMED